UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09-CV-54-S

**CONNIE MARSHALL**                                                           **PLAINTIFF**

v.

**DAVID HUBER** *et al.*                                                     **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* action against United States Attorney David Huber; the Department of Justice; the Attorney General of the United States; the Department of Justice; Governor Steve Beshear; the Commonwealth of Kentucky; FBI agent Mr. Cox; the Federal Bureau of Investigations, Louisville, Kentucky; Chief White of the Louisville Metro Police Department; the Louisville Metro Police Department; Mayor Jerry Abramson; the Jefferson County Mayor's Office; Kentucky State Police Commissioner Rodney Brewer; the Kentucky State Police; Sheriff Aubrey; and the Jefferson County Sheriff's Office. Plaintiff alleged twenty-one causes of action against these Defendants. By Order entered July 1, 2009, the Court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(e).

Since the dismissal order was entered, Plaintiff has filed several motions with the Court. Each is addressed below.

Plaintiff has filed a motion to reconsider (DN 13) arguing that the Court should not have dismissed her case because of the "proof" she submitted to support her allegations. The Court has reviewed Plaintiff's complaint and her motion. The Court finds no reason to alter or vacate its prior decision. Accordingly, Plaintiff's motion to reconsider (DN 13) is **DENIED.**

Plaintiff has filed a motion seeking recusal of the undesigned (DN 14). In support of her

motion, Plaintiff alleges that the undersigned: 1) was a defendant in a class action lawsuit brought by Plaintiff and others that has since been dismissed; 2) was the subject of a judicial complaint she filed; and 3) did not address her request for the appointment of an attorney to represent her in this action and failed to recognize that Plaintiff has been "redlined."

Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Pursuant to 28 U.S.C. § 455(a) and (b)(1), a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." The proper inquiry with respect to recusal is an objective one and asks whether "'a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). Although a judge is obliged to disqualify himself when there is a close question concerning his impartiality, *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), he has an equally strong duty to sit where disqualification is not required, *Laird v. Tatum*, 409 U.S. 824, 837 (1972). "In order for recusal to be justified, a judge's prejudice must be personal, emanating from some source other than participation in the judicial proceedings." *Creusere v. Weaver*, No. 07-5859, 2009 U.S. App. LEXIS 3135, *12-13 (6th Cir. Jan. 26, 2009).

Plaintiff's first argument, the fact that Plaintiff previously sued the undersigned (and

2

numerous other judges) is not a valid basis to support recusal.  That suit has been terminated. "The mere fact that [this judge] may be one of the numerous federal judges that [Plaintiff] has filed suit against is not sufficient to establish that [his] recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)."  *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006).  To hold otherwise "would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005).  Additionally, "the mere filing of a complaint of judicial misconduct is not grounds for recusal . . . [as] it would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct. A party would only have to file a complaint to get a different judge."  *In re Evergreen Sec., Ltd.*, No. 08-14064, 2009 U.S. App. LEXIS 12535 (11th Cir. June 11, 2009).

Likewise, the legal conclusions and the actions taken by this Court in dismissing Plaintiff's case are not grounds for recusal.  "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's view of the law, erroneous as that view might be."  *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 359 (6th Cir. 2007) (quoting *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989)).

The undersigned has no personal bias against Plaintiff.  Plaintiff's prior complaints against the undersigned had absolutely no affect on the outcome of this matter.  The Court was guided only by law in this matter.  The Court applied the law in an even handed fashion in this case just as it would in any other.  In sum, the Court is thoroughly convinced that there is no

valid basis for recusal of the undersigned judge under either 28 U.S.C. § 144 or § 455 and therefore that the Court is obligated to sit in this case. Plaintiff's motion (DN 14) is **DENIED.**

Finally, Plaintiff has filed a motion for due process (DN 15) explaining that after she filed her motion to reconsider she observed a white truck parked beside her at the Dollar Store and that the driver of the truck was near her car. She believes that driver was targeting her in some manner, and she states that she fears for her life. She further states that "she does not know what these corrupt officials may do next and fears that they may try to arrange an accident to silence her." As this action has been dismissed, Plaintiff's motion (DN 15) is **DENIED as moot**.

Date: August 10, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*

4411.008